Our final case for today is Evans v. Griffin. Mr. Knoll, if you're ready. Thank you, Your Honor, and may it please the Court. Andrew Knoll on behalf of Plaintiff Appellant John Evans. The District Court abused its discretion in this case by ordering the most severe sanction, dismissal with prejudice, of Mr. Evans' Section 1983 case as a sanction for his refusal to answer questions during his improperly noticed deposition. And for three independent reasons, the District Court's order must be reversed. First, defendants did not give Mr. Evans the reasonable written notice required by Rule 30b-1. Second, there was no sanctionable discovery misconduct on this record under either Rule 37b or 37d. And third, even if some sanction could be supported on this record, the Court's chosen sanction of dismissal with prejudice was grossly disproportionate to any misconduct by Mr. Evans on this record. So could you talk to me for a minute about when the notice of the deposition reaches the prison? Because you said that he testified it's the day after the deposition, so it shows up February 22nd. I understood your opponents to say that there isn't anything in the record one way or the other about that, I suppose other than Mr. Evans' statement. Is that so? Does the prison log these things in, or what do we know about that? Your Honor, there's nothing in the record to suggest that the prison one way or the other logs these things. There's just an absence of information in the record. But what is in the record are at least two different pieces of evidence. First is Mr. Evans' statement in his opposition to the motions for sanctions, which he signed under the penalties of perjury. If you look at page 7 of that pleading at the bottom, he indicates that he signed that under penalty of perjury. And in there he says quite specifically that he did not receive the notice until 6.30 p.m. the day following the deposition when mail was passed out to him in segregation where he was being housed at the time. In addition, if you look at pages 9 and 10 of the transcript of the deposition, which is at record 46-1 below, Mr. Evans states in both places that he wishes defense counsel had sent him notice of the deposition and that he'd be happy to sit for a second deposition if it was held, and that he wishes they had not just come up on him and sprung this deposition. So do they say, oh, but we sent you notice, or what do they say there? The response, I believe, Your Honor, was that we sent notice. But that doesn't establish whether the notice was actually received. And I also would like to emphasize that although we think notice needs to be actual to be reasonable under Rule 30, our argument doesn't depend on whether or not notice actually was received. In our view, even if one is to measure notice from when it's sent, the three- to four-day time period that defendants permitted for the notice to be picked up, delivered to Graham Correctional Facility to make its way through the prison's mail sorting and screening procedures, and to reach Mr. Evans. Now, do we have evidence, Graham, about how long that process typically takes? There is nothing in the record, Your Honor, about that. It wouldn't surprise me if it's a few days, but I just am wondering what we have to hang our hats on there. If it goes through a miracle, if it had been received on the same day it was sent, to go by what one reads in detective novels, the British postal system would have mail sent in the morning and delivered at noon. At least it used to. Maybe not in a prison. Suppose that actually happened in this prison, and everything else had happened as it did. Would you be arguing that because giving three days' notice was not adequate, it wouldn't have counted even if the notice had been received three days before the date of the deposition? That is our argument, Your Honor. Certainly, you don't have to. I know we don't have to reach that. But in your view, then, how long before the deposition is the deposed party entitled to notice? Your answer has to be more than three days. And where would we get that legal rule from? Your Honor, to be clear, it has to be more than three days in this case. The Sixth Circuit case... Where would the rule come from that it has to be more than three days? And remember, I'm not asking about time between mailing and the deposition. I'm asking between the day of notice and the deposition. Of course, Your Honor. The rule comes from Rule 30, which refers to a reasonable notice. Yeah. Well, actually, it says proper notice. Rule 30 says reasonable written notice, actually. Rule 37d refers to being served properly. Okay. Rule 37d that refers to proper notice. Yes. Rule 30. Okay. So I think the rule comes from Rule 30, which requires reasonableness. And courts have said... Right? If the concern were that somebody is served with a notice of a deposition and in order to be deposed, he's going to have to find and bring documents with him and he's going to need time to gather documents, then I could easily understand a rule that three days wasn't enough for deposition acts. But if the only thing that's going to happen at the deposition is that he's going to be asked to consult his memory, then I would think three days would be plenty of time. I understand why you need notice before the deposition rather than the day after. But if there's no documentary problem with the deposition, why would three days be inadequate? Respectfully, Your Honor, I think there's more than just searching Mr. Evans' memory here. The parties had engaged... So you're conceding that sometimes it might depend on the deposition. Yeah. Mr. Evans himself needed to, particularly because he was pro se, had to organize some materials, perhaps, about the case. Certainly, Your Honor. We're not arguing for any categorical rule. I want to be very clear that three to four days, I think, our view of that is what is, at the very minimum, reasonable on this record. There had been written discovery the parties had engaged in back in October of 2016. In addition, Mr. Evans, as a pro se litigant, I think might quite justifiably be expected to engage in some research about what a deposition looks like, what types of questions he might be asked, and all of that, in our view, lends in favor of the idea that at least three to four days of actual notice is required. But in any event, there's no record evidence in this case that could support a finding that the notice was actually received. A day later is the only evidence that we have, is your argument. Although reasonable might vary for the circumstances, a day late isn't it, whatever it may be. Well, a day late flunks the requirement of actual notice. Yes. And that wouldn't be served. It wouldn't be served until he received it, correct? Because Rule 37D says served with proper notice. Rule 37D says being served with proper notice. In our view, the passive voice there suggests that it's received. Correct. You have to be served before it can be served. And I just want to put out one more factual point. On the record, Dr. Cahill's counsel at the deposition, at page 10, states that he had an extensive conversation with Mr. Evans when he arrived at the prison about why he was here that day. And I think that just further corroborates the idea that Mr. Evans did not receive notice. I'd like to briefly touch... So you also want to talk, I guess, about 37B and D, because B is premised on a court order telling you you must answer the following questions in your deposition, right? And nobody called the judge or the magistrate judge. Certainly, Your Honor. And we think that both the order granting defendants leave and permission to depose Mr. Evans was not an order requiring him to sit for a deposition. That's just a scheduling order, right? There's both the scheduling order and the case management order, which are two separate orders. But in our view, neither of those are sufficient to serve as an actual order under Rule 37B to require Mr. Evans to sit for, in particular, improperly noticed deposition here. Would that scheduling order have been sufficient to put him on notice of the potential sanction for failing to comply with orders? Because the scheduling order says that dismissal, if you don't comply with various orders, is a potential sanction. No, Your Honor. This Court has held quite clearly in both the Ball case and the Matter of Bluestein case that a very generalized statement in a scheduling order that sanctions might follow from a refusal to, or a discovery violation, is not a sufficiently specific notice to be a warning. And I would argue then also an order to require one to submit to discovery. I seem almost out of time, but before I reserve for rebuttal, I just want to emphasize that this is a somewhat unusual case in that all four of the factors that this Court has said in cases like Pendell and Nelson must be considered in determining what any sanction would be permissible, all the way against dismissal in this case. Prejudice. Prejudice, the absence of any other order is at issue in this case. So even if this Court were to find a sanctionable conduct here, we think the District Court must still be reversed. I'd like to reserve what time I have left for rebuttal. Thank you. Yes, Ms. Stewart. Good afternoon, and may it please the Court. My name is Lindsay Stewart, and I represent Dr. Francis Caillera, the appellee in this case. Could you raise your voice, please? I apologize, I'm a little under the weather. You'll find that that microphone does better at recording than it does at amplifying. If you need some water, you should feel free to go get some. Thank you. At this time, we would ask that this Court affirm the District Court's dismissal of Mr. Evans' cause of action as a sanction for his failure to participate in his discovery deposition. District Courts have incredible discretion in imposing sanctions, including the power to dismiss... One assumes that the District Court has discretion. But Evans asserted that he did not receive notice until the day after the date scheduled for the deposition. I couldn't find anywhere where the District Judge addressed that. Have I missed something? I agree that the specific order that dismissed the case as a sanction under 37D and 37B2 did not specifically note that Mr. Evans received notice. So we have no finding of fact by the District Court that he got notice before he was taken by the guards to a room. I would argue that... Well, you could argue in the District Court that he got notice as much as three days earlier. But without a finding by the District Judge, don't we have to assume that his statement is true? I would argue that the District Court, by referencing 37... You would agree that notice a day later than the deposition, no matter whether it's business litigation, prison litigation, or anything else, is not adequate notice. If that is, in fact, the case. I'm just saying, in the general, notice a day later isn't correct. Now, that's why it's a problem. The District Judge doesn't say anything about it, and that's even before we get to the language of 37B and 37D, neither of which seems to be a good fit for what happened here. I would argue that by referencing Rule 37D and making his sanctions order, that the judge is implicitly finding that notice was received. The problem with that is that D1A1 refers to fails after being served with proper notice to appear for that person's deposition. It's not talking about failure to answer questions. That's a topic that's really more under B2. Correct. He appeared. He was there. They dragged him into the room. While Mr. Evans did appear physically for his deposition, he didn't appear in any meaningful way. That's not what the rule says, though. This is a rule about... And it happens, as you probably know, that people just don't show up. That's a problem when they don't show up, and so Rule 37D gives the district court tools to address that problem. I believe that's why, in this case, the district court also referenced 37B. Did anybody bring Newman against metropolitan peer authority to the district court's attention? I apologize. Can you repeat that? Did anybody bring Newman against metropolitan peer authority to the district judge's attention? I don't believe so. Nobody's briefed it here, but Newman says you don't need any of these Rule 37 rules because when a plaintiff won't cooperate in his own deposition or in Newman, her own deposition, the case should be dismissed for failure to prosecute. It's a perfectly straightforward proposition that if you are the plaintiff and you don't cooperate in your own deposition, it's over. But, of course, that still leaves the question whether this plaintiff ever got notice that he was supposed to be deposed. And it also leaves open the fact that a rational person, whether this plaintiff being one or not, I don't know, but a rational person would want to organize his or her thoughts before a deposition since the case is going to depend heavily on those answers. And since we don't let plaintiffs or anybody else contradict their depositions by filing affidavits saying, whoops, I said X, I meant not X, we don't let them do it. So you have to think it through. I think that in responding to your question, we just have to look back at the purpose of Rule 30B and reasonable notice. And there is case law in this circuit indicating that the general purpose behind 30B is to, for one, give the deponent an opportunity to prepare. Did any of the questions that Evans refused to answer concern documents? Mr. Evans refused to be sworn, so we never got to the point in the deposition where there would be documents. But the record is clear that the defendants did offer Mr. Evans an opportunity to review any documents that were available in the room, including his pleadings as medical records and other documents he needed. So he had to do it right on the spot. And the medical documents about the treatment were... I would also... So I take it the answer is yes, that documents were at issue here. It's going to be a subject to the deposition. It makes it even more important to be able to review them beforehand. At no point to the district court did Mr. Evans ever argue that he did not want to participate in his deposition because he did not have time to prepare. That argument was never made on the record in the transcript, on the date of the deposition, and it was never made in Mr. Evans' response to the motion for sanctions. Mr. Evans is flummoxed by being dragged into this room, and he keeps saying, what am I doing here, period? I think these other things sort of follow from it. What bothers me about your 37B argument is that if I've always understood the structure of 37, you give people a chance, basically, first by going to the district court, whether it's the magistrate judge, the district judge, doesn't matter, and obtaining an order compelling the discovery in question because sometimes requests are overbroad, sometimes the district court might want to tailor it, but under 37A you get an order, and only if somebody then disobeys that order of the court, that's exactly what B1 says, then you move on to the sanction stage, but none of those preliminaries happened here. The district judge said, oh, you're out the window because you're an indigent prisoner, therefore that's the only thing I can do. I believe that this Court in Fisher v. Singular Wireless referenced the idea that in granting the district court discretion to issue sanctions, we're also not laying down rigid rules. No, you're not answering the chief judge's question, which is how a sanction can be issued under sub B without there having been an order under sub A. How can you violate an order when there wasn't an order? There might need to be sanctions notwithstanding the language of Rule 37. That's the holding of Newman, but you're not arguing Newman. If you're going to argue Rule B, you need to point to the order. Well, and I think that there are two orders in this case that give Mr. Evans clear indication that he will be giving a discovery deposition in this case. On a particular day? There's not an order that sets a particular day, but there is an order that says that you have to sit before your discovery deposition. Sometime in the world, you're going to have a deposition. A discovery deadline is not an order to answer a question. I've just got a practical question for you. Why did you, or whoever else was representing the defendant, not pick up the phone and call the district court and say, please issue an order compelling this man to answer the question? The transcript is pretty clear in this case that Mr. Evans left the deposition before that was even an opportunity. If the prison guards could have brought him back, Mr. Evans wasn't entirely in charge of his own defense. I wish you would answer the questions as asked rather than providing extraneous information. Why did no one pick up the phone and call the court? I was not the attorney who was representing Mr. Kyra. Is there anything on the record? There is no answer to that on the record. The district judge hasn't done anything like enter an order saying, please don't call me. Don't call me, I'll call you. There's no such order from the judge. No such order like that exists in this case. Why didn't you go back to the district court after the deposition incident and ask the court at that point to enter an order compelling the deposition rather than dismissing the case so that you could get that order in place? I don't have a specific answer. I believe that the motion that was before the judge was for a sanction, including reasonable fines or costs associated with the deposition, and the alternative dismissal was sought. But there wasn't a motion asking to compel the deposition. It went right to sanctions. That is true. I believe that because the only reason that was offered by the plaintiff for why he could not participate during his discovery deposition was because he had high blood pressure that day, he didn't offer any reasonable excuse as to an inability to prepare. Well, that plus the fact that he didn't know that this was a scheduled date for the deposition. He said that clearly enough. He did indicate that he wasn't sure. The transcript suggests that there was a conversation about why he was there, but this is a litigant with multiple pro se actions pending before both the Northern District and the Central District. I don't think it is entirely surprising that he may have a question as to which case this particular deposition involves on that particular day. Notice might provide that answer. And I don't think that the record is clear that he did not. The only documentary evidence that we have in the record is that the notice was mailed five days before the scheduled deposition. And we have Mr. Evans' sworn statement, which is competent evidence. And it was mailed three days before, correct? It was mailed on the 16th notice for the 21st. Three business days. Three business days. I believe that is correct. And the Postal Service works about two-thirds of all available business days. Lately, in particular, with this weather. So the court would have to make a finding based on that and that alone that there was sufficient notice. Is that enough for the court to make a ruling, that three business days would be sufficient to get notice to a prisoner? In this, reasonable notice depends on the circumstances in this case. There's no case law in this circuit that specifically holds three days, five days, or what is required. I believe that three days has been sufficient in the past. It certainly hasn't been a problem in all cases. I'm not asking again for a rigid rule, but I think that the circumstances of this case in particular. Three days mailing or three days notice? In other words, three days after receipt or three days from when it's put in the mail? I think that three days after. I mean, there's case law suggesting that one day after it's put in the mail can be sufficient under certain circumstances. So certainly three days after a notice is put in the mail can be sufficient under the right circumstances. Okay, I think we have your point. So if there are other questions, thank you very much. And I will give you, Mr. Noll, a little bit extra time since we've gone over a bit on this side. Thank you. I just need to make one brief point in rebuttal. Dr. Kaye's counsel conceded that notice arriving a day late would not be sufficient. Although she claims that the district court could have made an implicit finding, she can't point to any evidence in the record that would actually sustain such an implicit finding. And without a legal obligation to sit for the deposition, the Newman case that Judge Easterbrook referenced would not come into effect. And so based on the notice requirement alone, we ask this court to reverse the judgment of the district court. Thank you. All right. Thank you very much. And we understand you took this by request of the court. We appreciate your assistance very much and that of your firm. And, of course, thank you as well to the state. We will take the case under advisement, and the court will be in recess. Thank you.